APPEAL,CASREF

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:26−cv−00701−LDH−MMH

Henderson
Assigned to: Judge LaShann DeArcy Hall
Referred to: Magistrate Judge Marcia M. Henry
related Case: 1:26−cv−01147−LDH
Case in other court: U.S. Bankruptcy Court EDNY, 1−08−48268
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 02/06/2026
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Appellant**

**Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9**

represented by

**Fernando Carlos Rivera−Maissonet**
Hinshaw & Culbertson LLP
800 Third Avenue
13th Floor
New York, NY 10022
212−471−6214
Fax: 212−935−1166
Email: friveramaissonet@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Howard Henderson**

represented by

**Serge Felix Petroff**
Petroff Amshen LLP
1795 Coney Island Avenue
3rd Floor
Brooklyn, NY 11230
718−336−4200
Email: spetroff@petroffamshen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Amshen**
Petroff Amshen LLP
1795 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11230
718−336−4200
Fax: 718−336−4242
Email: samshen@petroffamshen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trustee**

**Michael J. Macco**

represented by

**Michael J. Macco**
Michael J. Macco Trustee
2950 Express Dr S
Ste 109
Islandia, NY 11749
631−549−7908
Fax: 631−549−7845
Email: mmacco@maccolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trustee**

**Office of the United States Trustee**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/06/2026 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 1−08−48268−jmm., filed by Howard Henderson. (Attachments: # 1 #132− Transmittal of Record) (CV) (Entered: 02/09/2026) |
| 02/09/2026 | | Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. (CV) (Entered: 02/09/2026) |
| 02/24/2026 | 2 | MOTION to Stay *[EMERGENCY MOTION TO STAY ORDER AND JUDGMENT OF THE BANKRUPTCY COURT PENDING APPEAL AND MEMORANDUM IN SUPPORT]* by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Attachments: # 1 Exhibit 1 − Memo Decision, # 2 Exhibit 2 − Order and Judgment) (Rivera−Maissonet, Fernando) (Entered: 02/24/2026) |
| 02/24/2026 | 3 | MOTION for Hearing re 2 MOTION to Stay *[EMERGENCY MOTION TO STAY ORDER AND JUDGMENT OF THE BANKRUPTCY COURT PENDING APPEAL AND MEMORANDUM IN SUPPORT] [MOTION FOR HEARING ON SHORTENED NOTICE IN CONNECTION WITH EMERGENCY MOTION TO STAY ORDER AND JUDGMENT OF THE BANKRUPTCY COURT PENDING APPEAL]* by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Attachments: # 1 Memorandum in Support Memorandum in Support of Motion for Hearing on Shortened Notice in Connection with Emergency Motion to Stay Order and Judgment of the Bankruptcy Court Pending Appeal, # 2 Affidavit in Support Emergency Attorney Affirmation in Support of the Entry of an Order Setting an Expedited Hearing on the Motion to Stay Order and Judgment Pending Appeal to Provide it With a Hearing on Shortened Notice, # 3 Proposed Order) (Rivera−Maissonet, Fernando) (Entered: 02/24/2026) |
| 02/24/2026 | 4 | Corporate Disclosure Statement by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9 identifying Corporate Parent Deutsche Bank Holdings, Inc., Corporate Parent Deutsche Bank AG, Corporate Parent Deutsche Bank Trust Corporation for Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Rivera−Maissonet, Fernando) (Entered: 02/24/2026) |
| 03/03/2026 | 5 | RESPONSE in Opposition re 2 MOTION to Stay *[EMERGENCY MOTION TO STAY ORDER AND JUDGMENT OF THE BANKRUPTCY COURT PENDING APPEAL AND MEMORANDUM IN SUPPORT]*, 3 MOTION for Hearing re 2 MOTION to Stay *[EMERGENCY MOTION TO STAY ORDER AND JUDGMENT OF THE BANKRUPTCY COURT PENDING APPEAL AND MEMORANDUM IN SUPPORT] [MOTION FOR HEARING ON SHORTENED NOTICE IN CONNECTION WITH EMERGENCY MOTION TO ST filed by Howard Henderson. (Attachments: # 1 Exhibit A − Bankruptcy Docket Report, # 2 Certificate of Service) (Amshen, Steven) (Entered: 03/03/2026)* |
| 03/12/2026 | 6 | Letter *Re: Related Appeals* by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9 (Rivera−Maissonet, Fernando) (Entered: 03/12/2026) |
| 03/12/2026 | 7 | Transmittal of Part 1 of Additional Record on Appeal to District Court reference to Civil Case Number 26−00701: Notice of Bankruptcy Record Received. Notice to all parties, in accordance with Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received or is available electronically. Parties shall now follow briefing schedule as set forth in Federal Rule of Bankruptcy Procedure 8018. Specifically, appellant must serve and file a brief within 30 days of this notice, the appellee must serve and file a brief within 30 days after service of the appellants brief, and the appellant may serve and file a reply brief within 14 days after service of the appellees brief, but a reply brief must be filed at least 7 days before scheduled |

| | | |
|---|---|---|
| | | argument. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6, # 6 Part 7, # 7 Part 8, # 8 Part 9, # 9 Part 10, # 10 Part 11, # 11 Part 12, # 12 Part 13, # 13 Part 14, # 14 Part 15, # 15 Part 16, # 16 Part 17, # 17 Part 18, # 18 Part 19, # 19 Part 20, # 20 Part 21, # 21 Part 22, # 22 Part 23, # 23 Part 24, # 24 Part 25, # 25 Part 26, # 26 Part 27, # 27 Part 28, # 28 Part 29, # 29 Part 30, # 30 Part 31, # 31 Part 32, # 32 Part 33, # 33 Part 34) (TLH) (Entered: 03/16/2026) |
| 03/12/2026 | 8 | Transmittal of Part 2 of Additional Record on Appeal to District Court reference to Civil Case Number 26−00701: Notice of Bankruptcy Record Received. Please note that the main attachment is Part 35 of the the Bankruptcy Record. (Attachments: # 1 Part 36, # 2 Part 37, # 3 Part 38, # 4 Part 39, # 5 Part 40, # 6 Part 41, # 7 Part 42, # 8 Part 43, # 9 Part 44, # 10 Part 45, # 11 Part 46, # 12 Part 47, # 13 Part 48, # 14 Part 49, # 15 Part 50, # 16 Part 51, # 17 Part 52, # 18 Part 53, # 19 Part 54, # 20 Part 55, # 21 Part 56, # 22 Part 57, # 23 Part 58, # 24 Part 59, # 25 Part 60, # 26 Part 61, # 27 Part 62, # 28 Part 63, # 29 Part 64, # 30 Part 65, # 31 Part 66, # 32 Trans of Add Rec on Appeal (BK, # 33 Trans of Add Rec on Appeal (BK: Notice Recipients) (TLH) (Entered: 03/16/2026) |
| 04/13/2026 | 9 | Appellant's BRIEF by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Attachments: # 1 Appendix Part 1, # 2 Appendix Part 2, # 3 Appendix Part 3, # 4 Appendix Part 4, # 5 Appendix Part 5, # 6 Appendix Part 6, # 7 Appendix Part 7) (Rivera−Maissonet, Fernando) (Entered: 04/13/2026) |
| 05/08/2026 | 10 | Appellee's BRIEF by Howard Henderson. Appellant Reply Brief due by 5/22/2026. (Attachments: # 1 Appendix Appellee's Supplemental Appendix, # 2 Certificate of Service) (Amshen, Steven) (Entered: 05/08/2026) |
| 05/22/2026 | 11 | Appellant's REPLY BRIEF by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Rivera−Maissonet, Fernando) (Entered: 05/22/2026) |
| 06/24/2026 | 12 | MOTION to Quash *[MOTION TO VACATE RESTRAINING NOTICE, QUASH INFORMATION SUBPOENA AND NOTICE OF DEPOSITION, AND FOR A PROTECTIVE ORDER]* by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. (Attachments: # 1 Declaration in Support, # 2 Exhibit 1 − Restraining Notice, # 3 Exhibit 2 − Information Subpoena, # 4 Exhibit 3 − Notice of Deposition) (Rivera−Maissonet, Fernando) (Entered: 06/24/2026) |
| 07/08/2026 | 13 | MEMORANDUM in Opposition re 12 MOTION to Quash *[MOTION TO VACATE RESTRAINING NOTICE, QUASH INFORMATION SUBPOENA AND NOTICE OF DEPOSITION, AND FOR A PROTECTIVE ORDER]* filed by Howard Henderson. (Attachments: # 1 Exhibit 1 − Sanctions Motion filed in Bankruptcy Case on June 28, 2026, # 2 Certificate of Service) (Amshen, Steven) (Entered: 07/08/2026) |
| 07/14/2026 | | ORDER: Appellant's motion 12 is respectfully REFERRED to Magistrate Judge Marcia M. Henry. Ordered by Judge LaShann DeArcy Hall on 7/14/2026. (CG) (Entered: 07/14/2026) |
| 07/16/2026 | | ORDER: The Court is in receipt of Appellant Deutsche Bank National Trust Company's ("Appellant") motion 2 to stay judgment pending appeal.<br><br>District courts consider four factors when considering whether to impose a stay of bankruptcy judgment pending its appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Shutterman v. Cadaner*, No. 25−CV−04520, 2025 WL 3546651, at *1 (E.D.N.Y. Dec. 11, 2025). The burden to show the existence of circumstances that justify a stay lies with the moving party. *See id.* (citing *In re 461 7th Ave. Mkt., Inc.*, 623 B.R. 681, 688 (S.D.N.Y.)) While the first two factors are the most critical, failure to satisfy even one factor dooms a motion for a stay pending appeal. *Id.* (citations omitted).<br><br>The Court finds that Appellant has not met its burden to prove irreparable harm. Irreparable harm is "the principal requisite for the issuance of a [Rule 8007] stay." *In* |

| | | |
|---|---|---|
| | | *re Koper*, 560 B.R. 68, 74 (Bankr. E.D.N.Y. 2016). The harm must be actual and imminent and cannot be purely remote nor speculative. *Id.* The crux of Appellant's argument as to the harm it will suffer if a stay is not imposed is that the judgment would allow Appellee to "sell the property to a third party without any means for [Appellant] to replace its lien on that property in the hands of a third party." (Mot. Stay 19, ECF No. 2.) However, Appellant offers no evidence to suggest that Appellee would sell the property absent a stay. Appellant does not argue that Appellee has retained a real estate agent or taken any other similar step that may indicate Appellee's willingness or even a desire to sell the property. Such conclusory statements are speculative and are insufficient to "establish a likelihood of irreparable harm." *See Metropcs New York, LLC v. Riverhead Water Dist.*, No. 15−CV−6311, 2016 WL 373969, at *3 (E.D.N.Y. Jan. 29, 2016) (citing *Fox Ins. Co. v. Envision Pharm. Holdings, Inc.*, No. CV−09−0237, 2009 WL 790312, at *6 (E.D.N.Y. Mar. 23, 2009)). Appellant also argues that if the Judgment is not stayed, Appellee will be able to pay off a lower amount owed that does not account for taxes and insurance that Appellant has paid but has yet to recover. (Mot. Stay 17−18.) Even if true, any such injury can fully be compensated with money judgment, and as such, is not irreparable harm. *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 34 (2d Cir. 1991) ("But, when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." (citation omitted)). The Court also finds Appellant's arguments regarding Appellee's financial status unavailing. While Appellant argues that Appellant's financial trouble may make recovery difficult, (Mot. Stay 21), surely the judgment awarding Appellant more than $1,600,000 alleviates such concerns regarding Appellee's financial status. Because Appellant has failed to demonstrate irreparable harm, a stay is not justified. *See Shutterman*, 2025 WL 3546651, at *1 (E.D.N.Y. Dec. 11, 2025).<br><br>Accordingly, Appellant's motion 2 to stay judgment pending appeal is DENIED.<br><br>Ordered by Judge LaShann DeArcy Hall on 7/16/2026. (CG) (Entered: 07/16/2026) |
| 08/14/2026 | 14 | NOTICE OF APPEAL as to Order on Motion to Stay,,,,,,,,,,,,, by Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc., Asset−Backed Pass−Through Certificates, Series 2005−R9. Filing fee $ 605, receipt number ANYEDC−20533031. (Rivera−Maissonet, Fernando) (Entered: 08/14/2026) |
| 08/17/2026 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 14 Notice of Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 08/17/2026) |